IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| DARVON PETER SILVIERA and GAIL LYNN PALAUALELO,<br><br>Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., *et al.*,<br><br>Defendants. | CIVIL NO. 17-00185 DKW-KJM<br><br>**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ALTERNATE MOTION TO STAY ORDER OF EJECTMENT AND SHERIFF'S SALE** |

## **INTRODUCTION**

On April 25, 2017, Plaintiffs Darvon Peter Silviera[1] and Gail Lynn Palaualelo ("Plaintiffs"), proceeding pro se, filed a "Notice and Complaint for a Void Judgment for Lack of Subject Matter and Personum Jurisdiction and for Civil Rights Violations" ("Complaint") and an Emergency Motion for Temporary Restraining Order and Alternate Motion to Stay Order of Ejectment and Sheriff's Sale ("Motion for TRO"). Dkt. Nos. 1 and 2. Plaintiffs seek to void an unspecified state court order relating to foreclosure proceedings and prevent ejectment from their residence, although they provide no details regarding any threatened or impending eviction.

---

[1] The pleadings alternatively spell Plaintiff's last name as "Silviera" and "Silveira." The Court adopts the spelling used on Silviera's caption and Affidavit.

It is difficult to discern any cognizable claims set forth in the Complaint, and any mention of statutory causes of action lack plausible, supporting factual allegations. Because Plaintiffs fail to establish that they are entitled to the relief they seek, the Motion for TRO is DENIED.[2]

**DISCUSSION**

Mindful that Plaintiffs are proceeding pro se, the Court liberally construes their pleadings. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants.") (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)).

I.  **Plaintiffs' Claims**

The Complaint states that Plaintiffs seek to "void judgment of the order from the Circuit Court of the First Circuit of the State of Hawaii, Civil number: 11-1-3159-12, for Lack of Personum and Subject Matter Jurisdiction." Complaint at 2. Plaintiffs "further complain[] of the illegal foreclosure and eviction from their primary residence, in violation of the United States Constitution. [They] also allege violations of civil rights and due process caused by the simulated legal process and criminal contempt of court by [defendants]." Complaint at 2-3. Attached to the Complaint is the first page of a Writ of Possession issued by the

---

[2]Pursuant to Local Rule 7.2(d), the Court elects to decide this matter without a hearing.

Circuit Court of the First Circuit, State of Hawaii, dated March 20, 2017, in *Bank of America, N.A. v. Darvon Peter Silviera et al.*, Civ. No. 11-1-359-12, which in turn references an Order Confirming Foreclosure Sale, Approving Commissioner's Report, Allowance Of Commissioner's Fees, Attorney's Fees, Costs and Directing Conveyance filed on April 28, 2016. *See* Complaint, Ex. 1, Dkt. No. 1-2. As best the Court can tell, Plaintiffs now attempt to forestall execution of the state court Writ of Possession or enforcement of other state court orders related to the foreclosure proceedings. It is not clear whether any defendant has taken steps to evict Plaintiffs, whether Plaintiffs have already been evicted, or whether a final judgment has been entered in the state court foreclosure proceedings, Civ. No. 11-1-359-12.

The Affidavit of Darvon Peter Silviera describes the instant Complaint as one "for a void judgment, unlawful eviction, civil rights violations, denial of due process and other crimes against humanity." Silviera Aff. at 29. Although the named defendants are private corporations and individuals, the Affidavit complains of conduct by unidentified "agents and officers of the State of Hawaii operating under the color of law."[3] Silviera Aff. ¶ 1. According to Silviera –

---

[3] Defendant Bank of America, N.A., a Successor by Merger to BAC Home Loans Servicing, LP ("BANA") is the plaintiff in *Bank of America, N.A. v. Darvon Peter Silviera et al.*, Civ. No. 11-1-359-12. Defendants Peter T. Stone and Derek W.C. Wong are attorneys for BANA in that matter. *See* Complaint, Ex. 1.

2. The feigned legal process described as a "Summary Judgment" deprived me of my rights and my lawful due process by and through the conspiracy employed by the financial institution known as Bank of America, N.A. to lien, Mortgage, or otherwise Steal Royal Patent Lands.

3. The membership of the bar by all parties to the subject feigned legal process, exposes the underlying fraud and conspiracy by which the R.I.C.O. activities have occurred.

\* \* \* \*

5. Be it known to all who call themselves "government/corporations," their "courts," agents, and other parties, that I, am a natural, freeborn sovereign individual, without subjects. I am neither subject to any entity anywhere nor is any entity subject to me. I neither dominate anyone, nor am I dominated by anyone except the Creator and Supreme Governor Almighty and Great God, Akua.

6. I DO NOT recognize and cannot be held in contempt of any law that cannot show a named individual victim(s), nor can I be held liable or in contempt of any law that cannot show any property that has been stolen or damaged from any individual or individuals.

7. I am not a "person" as defined in "statutes" when such definition includes "artificial entities." I refuse to be treated as a "federally" or state" created entity which is only capable of exercising certain rights, privileges, or immunities as specifically "granted by" "federal" or "state" "governments."

\* \* \* \*

11. . . . From my age of consent to the date affixed below I have never signed a contract knowingly, willingly, intelligently, voluntarily, and intentionally whereby I

> have waived any of my natural inherent rights, and, as such, take notice that I revoke, cancel and make void from the beginning my signature and on any and all "contracts," "agreements," "forms," or any "instrument which may be construed in any way to give any agency or department of any "government" any "authority," "venue," or "jurisdiction" over me.

Silviera Aff.

The Complaint lists numerous federal statutory causes of action, including 15 U.S.C. §§ 1 and 2, 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1983, "RESPA," "TILA," and "FDCPA," but does not otherwise provide factual details supporting any of these claims. *See* Complaint at 3, 27-28.

The Court turns to Plaintiffs' emergency request for a TRO.

## II. <u>The Motion For TRO Is Denied</u>

The Motion for TRO consists of a single caption page listing the parties, case name, and the title of the pleading. At present, the record does not reflect whether any defendant has received notice of the Motion for TRO. A court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b)(1)(A). Plaintiffs have not satisfied this burden—neither the Motion for TRO nor the Complaint establishes a clear likelihood of irreparable

injury.  Although Plaintiffs attach the first page of a Writ of Possession issued by the state court on March 20, 2017, the Court cannot determine the basic facts necessary to know whether the writ poses an immediate risk of eviction to Plaintiffs at their primary residence or even whether the writ has already been executed.  There are no allegations regarding what efforts—if any—have been taken to execute the writ, whether Plaintiffs still reside at the property conveyed pursuant to the state court foreclosure order of sale, or any other *facts* necessary to demonstrate immediate and irreparable injury.

Plaintiffs also failed to certify in writing any efforts made to give notice to defendants or the reasons why notice should not be required before a TRO is considered or issued.  *See* Fed.R.Civ.P. 65(b)(1)(B).  Nor have Plaintiffs made any effort to demonstrate that notice is impossible or fruitless, as required for an ex parte TRO.  *Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (finding that a TRO was improperly issued because notice to the adverse party was neither impossible nor would it render the action fruitless).

Moreover, even if defendants did have notice of the Motion for TRO, Plaintiffs fail to meet the substantive burden to justify the remedy they seek.  The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction.  *See, e.g., Hawaii v. Gannett Pac. Corp.*, 99 F. Supp. 2d 1241, 1247 (D. Haw. 1999).  A "plaintiff seeking a preliminary injunction must establish that he is

likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted). "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). *Winter* emphasized that plaintiffs seeking preliminary relief must demonstrate that "irreparable injury is likely in the absence of an injunction." 555 U.S. at 22; s*ee also Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009).

Plaintiffs fall far short of meeting this standard with respect to each of the four factors. The Motion for TRO does not explain why Plaintiffs will likely suffer irreparable harm in the absence of preliminary relief, why they are likely to succeed on the merits, why the balance of equities tips in their favor, or why an injunction is in the public interest. *Alliance for Wild Rockies*, 632 F.3d at 1135.

First, as discussed above, nothing in the Motion for TRO or Complaint demonstrates any past or imminent future injury to Plaintiffs caused by defendants sufficient to justify the relief sought. Among other things, it is not evident why Plaintiffs are in danger of immediate injury or why defendants are not entitled to

execute the writ.  Nor are there any additional factual allegations that would justify halting an otherwise proper ejectment or foreclosure proceeding.  *See, e.g., Fleck v. CitiMortgage, Inc.*, Civil No. 15-00167 JMS-BMK, 2015 WL 2188595, at *2 (D. Haw. May 8, 2015) (rejecting impending foreclosure as "irreparable harm" where the only argument provided in support was that "the suit involves 'the sale of real property' and 'any given piece of real property is unique'").

Nor have Plaintiffs' alleged *facts* supporting their legal conclusions sufficient to demonstrate any likelihood of success on the merits of their claims.  The claims for violations of their civil rights,[4] violations of the criminal

---

[4]To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  First, Plaintiffs have not alleged how any defendant acted under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In order to state a Section 1983 claim against a private party for the conduct of a state official, a plaintiff must allege that the private party exercised some control over the state official's decision.  *Franklin v. Fox*, 312 F.3d 423, 445–46 (9th Cir. 2002) (citing *King v. Massarweh*, 782 F.2d 825, 829 (9th Cir. 1986)); *see also Woodrum v. Woodward Cty.*, 866 F.2d 1121, 1126 (9th Cir. 1989) (conclusory allegations of conspiracy do not support a civil rights claim).  Second, Plaintiffs fail to explain how any defendant violated their right to due process, or any other unspecified civil right.  Section 1983 requires a connection between a defendant's actions and a plaintiff's allegations.  *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Last, to the extent they allege a due process violation, Plaintiffs do not identify a liberty or property interest, or what process they were allegedly denied.  To state a violation of due process, a plaintiff must first establish the existence of a liberty or property interest for which the protection is sought, and if no protected interest is at stake, no process is required.  *See, e.g.*, *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 459-60 (1989); *Meachum v. Fano*, 427 U.S. 215, 223-24 (1976); *McQuillion v. Duncan*, 306 F.3d 895, 900 (9th Cir. 2002).

code,[5] and other statutory violations[6] are unlikely to succeed.[7] Last, Plaintiffs do not even attempt to show that the balance of equities tips in their favor or that an injunction is in the public interest.

---

[5] No private right of action exists to enforce the criminal statutes cited, and private individuals such as Plaintiffs, have no authority to issue a criminal indictment for violation of 18 U.S.C. § 241 or any other criminal statute. Nor does the court have jurisdiction to hear allegations of criminal conduct that are brought by anyone other than the United States. *See, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) (noting that the executive branch has exclusive authority to decide whether to prosecute a case).

[6] Plaintiffs list several statutory causes of action in their jurisdictional allegations, *see* Complaint at 3, but do not list these statutes as separate Counts, provide any factual details supporting the causes of action, or mention the statutes elsewhere in the Complaint. Moreover, certain of these statutes do not appear to provide a basis for the relief sought by the instant motion. For example, although Plaintiffs list the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), there is no provision in the FDCPA entitling them to injunctive relief. *See* 15 U.S.C. § 1692k (providing damage remedy for violations). Any FDCPA claims are not grounds to grant a TRO to halt the subject ejectment or foreclosure proceedings. Other claims are conclusorily alleged in the Silviera Affidavit, including references to "R.I.C.O." However, "to prevail on a civil RICO claim, a plaintiff must prove that the defendant engaged in (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity and, additionally, must establish that (5) the defendant caused injury to plaintiff's business or property." *Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1086 (9th Cir. 2002) (citing 18 U.S.C. §§ 1962(c), 1964(c)). Plaintiffs' conclusory allegations fall far short of meeting those standards.

[7] Plaintiffs' claims seeking to void a state court order are—for multiple independent reasons—unlikely to succeed on the merits. Aside from the deficiencies with the individual statutory causes of action, Plaintiffs' claims are likely barred by the *Rooker–Feldman* doctrine. Under *Rooker–Feldman*, federal district courts are precluded from reviewing state court judgments in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). To the extent they alternatively seek a stay, Plaintiffs' claims also appear to be barred by 28 U.S.C. § 2283, "which precludes a federal court from granting 'an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress [and] extends not only to injunctions affecting pending proceedings, but also to injunctions against the execution or enforcement of state judgments.'" *Hicks v. Wells Fargo Bank, N.A.*, 2012 WL 346660, at *2 (D. Haw. Feb. 2, 2012) (denying motion for emergency injunctive relief seeking to prevent ejectment action based upon an allegedly void state court foreclosure judgment); *Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (denying motion for TRO seeking to enjoin state court detainer action, relying on 28 U.S.C. § 2283).

In short, nothing in the Motion for TRO or Complaint demonstrates any evident past or imminent future injury to Plaintiffs caused by defendants sufficient to justify the relief sought. The allegations in the Complaint and Motion for TRO present no serious question that Plaintiffs are in danger of irreparable injury, that the balance of equities tips in their favor, or that a TRO is in the public interest. *Alliance for Wild Rockies*, 632 F.3d at 1135. Plaintiffs have therefore failed to carry their burden and the Motion for TRO is DENIED.

## **CONCLUSION**

Based upon the foregoing, the Court DENIES the Motion for TRO without prejudice.

IT IS SO ORDERED.

DATED: April 27, 2017 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

---

*Silviera et al. v. Bank of America N.A., et al.*; CV 17-00185 DKW-KJM; **ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND ALTERNATE MOTION TO STAY ORDER OF EJECTMENT AND SHERIFF'S SALE**

10