IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DARVON PETER SILVIERA and GAIL LYNN PALAUALELO,<br><br>    Plaintiffs,<br><br>vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Civil No. 17-00185 DKW-KJM<br><br>FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO PROSECUTE |

FINDINGS AND RECOMMENDATION TO
DISMISS CASE FOR FAILURE TO PROSECUTE

Pro se Plaintiffs Darvon Peter Silviera and Gail Lynn Palaualelo (collectively, "Plaintiffs") initiated this action on April 25, 2017, against Defendants Bank of America, N.A., Peter T. Stone, Derek C. Wong, Steven Idemoto, (collectively, "Defendants"). *See* ECF No. 1.

The Court originally set the Rule 16 Scheduling Conference for June 26, 2017. *See* ECF No. 5. On June 16, 2017, at Plaintiffs' request to allow additional time to serve Defendants, the Court continued the Rule 16 Scheduling Conference to August 28, 2017. *See* ECF No. 8. On August 28, 2017, in lieu of holding the Rule 16 Scheduling Conference, the Court held a status conference with Plaintiffs regarding their failure to serve the Complaint. *See* ECF No. 9. The Court continued the Rule 16 Scheduling Conference to September 28, 2017. *Id.*

On September 28, 2017, the Court held a further status conference regarding service, again in lieu of holding the Rule 16 Scheduling Conference. ECF No. 10. Plaintiffs were not able to articulate any efforts they had made or intended to make to serve the Complaint. The Court thus advised Plaintiffs that it would be issuing an order to show cause regarding their failure to serve the Complaint. *Id.*

The Court issued the Order to Show Cause on September 29, 2017, ordering Plaintiffs to show cause in writing by October 23, 2017, why the case should not be dismissed without prejudice. *See* ECF No. 11. Plaintiffs have not filed a response to the Order to Show Cause, nor have there been any further filings in this matter.

DISCUSSION

Plaintiffs must serve a proper summons and complaint on Defendants for the Court to have jurisdiction over the Defendants. *See* Fed. R. Civ. P. 4; *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." (citations omitted)). Notwithstanding multiple status conferences to discuss service, and an Order to Show Cause why this action should not be dismissed for lack of service, Plaintiffs have still not established that they have properly served any of the Defendants. Nor have Plaintiffs provided the Court any reason for their failure to do so.

It is within the inherent power of the court to *sua sponte* dismiss a case for lack of prosecution. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984); *see also*

*Pagano v. OneWest Bank, F.S.B.*, CV. No. 11-00192 DAE-RLP, 2012 WL 74034, at *6 (D. Haw. Jan. 10, 2012) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.")). The court must weigh five factors to determine whether to dismiss a case for lack of prosecution or failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic alternatives; and (5) the public policy favoring the disposition of cases on their merits ("*Pagtalunan* factors"). *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)). For the reasons below, the Court finds that dismissal of the claims against Defendants is appropriate given Plaintiffs' failure to prosecute.

First, the public's interest in expeditious resolution of this litigation weighs in favor of dismissal because this case has been pending since April 2017, and Plaintiffs have failed to perfect service on Defendants. Second, the Court's need to manage its docket weighs strongly in favor of dismissal because Plaintiffs' failure to prosecute this action has interfered with the Court's ability to manage its docket. To date, Plaintiffs fail to provide sufficient reasoning as to why they are unable to properly serve Defendants.

Third, the risk of prejudice to Defendants weighs heavily in favor of dismissal. Defendants will suffer prejudice if this case continues without Plaintiffs effecting service. Plaintiffs' inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the resolution of this case. *See Pagtalunan*, 291 F.3d at 642 (citing *Malone v. United States Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987)).

Fourth, less drastic sanctions are not appropriate. The Court has made multiple attempts to assist Plaintiffs in effecting service, and has issued an Order to Show Cause warning Plaintiffs that failure to respond would result in a recommendation that this action be dismissed without prejudice. *See* ECF No. 11 at 3. Nonetheless, the record reflects that Plaintiffs have neither served Defendants nor responded to this Court's Order to Show Cause. The Court thus finds that it would be futile to recommend a lesser sanction because Plaintiffs have demonstrated that such action would not compel them to take the necessary steps to prosecute this action.

Fifth, the Court acknowledges that public policy favors disposition of cases on their merits. Thus, this final factor weighs against dismissal. This Court finds, however, that because four of the factors weigh in favor of dismissal, this factor is outweighed. Accordingly, dismissal is appropriate.

Notwithstanding this Court's finding that Plaintiffs have failed to prosecute this case and have failed to respond to this Court's Order to Show Cause, the Court

4

finds that these failures do not provide sufficient grounds to support dismissal with prejudice. The Court finds that four of the five *Pagtalunan* factors weigh in favor of dismissal; however, under these circumstances, these factors do not weigh "strongly" in favor of dismissal. *Cf. In re Lagmay*, CIV. NO. 15-00166 DKW/RLP, 2015 WL 5970667, at *2 (D. Haw. Oct. 13, 2015), *aff'd sub nom.*, *Lagmay v. Nobriga*, No. 15-17068, 2016 WL 7407294 (9th Cir. Dec. 22, 2016) (concluding that dismissal with prejudice is appropriate when at least three of the *Pagtalunan* factors weighed "strongly" in support of dismissal). Accordingly, although the Court finds that dismissal is appropriate, this Court recommends that the district court dismiss Plaintiffs' claims against Defendants without prejudice.

CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that the district court dismiss this case without prejudice for Plaintiffs' failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawai'i, November 16, 2017.



   /S/ Kenneth J. Mansfield
Kenneth J. Mansfield
United States Magistrate Judge

*Silviera, et al. v. Bank of Am., N.A., et al.*, CV 17-00185 DKW-KJM; Findings and Recommendation to Dismiss Case for Failure to Prosecute

5